# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

NEHEMIAH ROLLE, JR.,

    Plaintiff,

v.

LINTON D. LEWIS,

    Defendant.

Case No. 1:19-cv-944

Black, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff, having paid the requisite $400.00 filing fee and proceeding *pro se*, filed a complaint with this Court on November 6, 2019. (Doc. 1). Pursuant to local practice, this case has been referred to the undersigned magistrate judge for pretrial proceedings, including a Report and Recommendation on any dispositive motions.

Defendant has moved to dismiss Plaintiff's case for lack of subject matter jurisdiction, for failure to state a claim upon which relief may be granted, and based upon his assertion of absolute judicial immunity. (Doc. 4). Alternatively, Defendant has moved for a transfer of venue. (Doc. 5). After Plaintiff failed to file any timely response to Defendant's motions, the undersigned issued a "Show Cause" Order to Plaintiff, directing him to show cause why Defendant's motions should not be granted for the reasons stated and allowing him until the same January 13, 2020 deadline to file a belated response. (Doc. 6). The deadline for responding to the Show Cause Order has long passed. For good cause shown, the Defendant's motion to dismiss should be granted, and the alternative motion to transfer venue should be denied as moot.

## I. Standard of Review

A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"While a complaint attacked by a . . . motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

## II. Analysis

In his complaint, Plaintiff generally alleges that the Defendant violated Plaintiff's constitutional rights during prior traffic court proceedings in state court. The complaint, the latest in a stream of frivolous claims by the Plaintiff, is unsupported and lacks any legal basis. Plaintiff is cautioned that this Court will not condone his continued unjustified attacks on the judicial system.

Plaintiff's rambling complaint alleges general violations of Plaintiff's First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments as well as violations of 42 U.S.C. §§ 1983, 1985, and 1988.[1] Plaintiff's complaint is devoid

---

[1] The complaint generally alleges obstruction of justice, perjury, criminal fraud, and misuse and abuse of power. (Doc. 1).

of specific factual allegations against the Defendant. Instead, Plaintiff alleges in conclusory fashion that Plaintiff is a "Black American Citizen," and that Defendant is a "white supremacy state official" who concealed exculpatory evidence and documentary evidence and participated in the filing of fraudulent legal papers. (Doc. 1 at 3-5). Plaintiff further alleges that Defendant engaged in "slanderous and libelous actions . . . to destroy Plaintiff's reputation and to injury [sic] the Plaintiff as [a] NAACP member" and manifested an "inability and failure to exercise his duty and oath of office." (*Id.* at 4).

Defendant's motion to dismiss provides clarification on the background of the complaint, which can be considered insofar as it refers to state court judicial proceedings that can be judicially noticed by this Court. (Doc. 4).[2] The named Defendant, a retired Perry County Court of Common Pleas Judge, was appointed by the Ohio Supreme Court as a visiting state court judge assigned to preside over Plaintiff's traffic court proceedings. (*Id.* at 3-4). Acting in his capacity as a judicial officer, the Defendant denied at least one of Plaintiff's motions to dismiss and set both cases for trial. (*Id.* at 3-4).

Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Here, Plaintiff has alleged nothing more than that the Defendant harmed him during the judicial proceedings, without providing factual allegations that are sufficient to survive a motion to dismiss. The Defendant's unopposed motion

---

[2] When evaluating a motion to dismiss, the Court is generally limited to the complaint itself. However, this Court may also consider facts that may be judicially noticed. Here, Plaintiff's complaint was filed in response to two traffic violations for which he appeared in court and entered Not Guilty pleas. (Doc. 4 at 3).

contains multiple additional arguments for dismissal, including a lack of subject matter jurisdiction and absolute judicial immunity. (Doc. 4). Aside from recognizing the overwhelming merit of these arguments on the grounds stated by the Defendant, the Court finds it unnecessary to discuss them in any detail.

### III. Plaintiff's Vexatious Litigation History

Although the undersigned recommends dismissal of this complaint on all grounds asserted by the Defendant, the undersigned additionally recommends that the presiding district judge issue a "show cause" order against this pro se Plaintiff, based upon the filing of this lawsuit as well as Plaintiff's well-documented history of inundating this Court and other courts with similar frivolous litigation. Including the present complaint, Plaintiff recently has filed four nearly identical lawsuits against several different Morrow County, Ohio judges within a two-month period in 2019.[3] Additionally, according to the United States District Court for the Eastern District of New York, Plaintiff has filed at least 20 lawsuits in the federal courts of that state.[4]

Although Plaintiff Rolle does not proceed *in forma pauperis*, many pro se litigants seek to file their federal complaints without payment of fees. In those instances, Congress has given courts the authority to screen out frivolous or malicious litigation at the very earliest stages, at the time the complaint is filed and prior to service upon any Defendant. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or

---

[3] *See* Case No. 1:19-cv-821-MRB-SKB; Case No. 1:19-cv-1015-DRC-KLL; Case No. 2:20-cv-035-EAS-CMV. All four lawsuits refer to the named Defendants as white supremacists and allege violations of similar constitutional and statutory rights. As the Defendant points out, Case No. 1:19-cv-821-MRB-SKB contains identical allegations and concerns the same traffic court proceedings against Judge Jennifer Murphy Burnaugh. Judge Burnaugh recused herself from the state court proceedings and Judge Linton was appointed as her replacement after Plaintiff filed the complaint in Case No. 1:19-cv-821-MRB-SKB.
[4] *Rolle v. Shields*, 16-cv-2487, 2016 WL 3093898, at *1 (E.D.N.Y. June 1, 2016), *aff'd*, 16-2307, 2017 WL 6759305 (2d Cir. Apr. 26, 2017).

law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir.1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. Thus, through preliminary screening authorized under § 1915, the strain on judicial resources (as well as on the defendants) is lessened by early dismissal.

Here, however, Plaintiff Rolle has avoided initial screening under 28 U.S.C. § 1915(e) by paying the requisite $400 filing fee for each of his four recently filed cases. His ability to pay multiple filing fees within a short time span provides strong evidence that he is not a pauper. At the same time, his litigation history suggests that he either knows, or should know, that his lawsuits are patently frivolous.[5] Regardless of whether a pro se litigant pays the requisite fee or files *in forma pauperis*, if a party repeatedly files frivolous or malicious lawsuits, this Court may deem them to be a vexatious litigant, and impose pre-filing restrictions to reduce the burden that such litigation places on judicial resources. *See Stewart v. Fleet Financial*, 229 F.3d 1154, 2000 WL 1176881 (6th Cir. 2000) (citing *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998).

In addition to the Court's authority to impose pre-filing restrictions on vexatious litigants, Rule 11 of the Federal Rules of Civil Procedure exists as a check on the filing of even a single frivolous lawsuit. Rule 11(b) of the Federal Rules of Civil Procedure

---

[5] A cursory review of Plaintiff's New York cases reveals similar claims against judicial officers. *See Rolle v. Shields*, 2016 WL 3093898 at *2 (noting nine cases filed against judicial officers who enjoy absolute immunity). It appears that Plaintiff made similar claims in his unsuccessful appeal of a traffic citation in Pennsylvania. *See Commonwealth v. Rolle*, 2018 WL 1065009 (Pa. Superior Ct. March 6, 2018), aff'd 2018 6074445, 197 A.3d 1173 (Table) (Pa. S. Ct. Nov. 20, 2018); *see also generally, Brief of the Commonwealth*, 2017 WL 6944997 at 2-3 (Pa. Super.) (describing Rolle's appeal as insufficient insofar as it "simply outlines his complaints which range, and somewhat repeat, from the trooper lied in an attempt to extort money from Appellant, to he was stopped for "driving while black," to the assistant district attorney inappropriately tried to discredit him, and various constitutional rights were violated due to the issuance of a bench warrant and [because] the magistrate set[] his citation hearing on Election Day.").

5

applies to pro se litigants and attorneys alike, and states that by filing a pleading, the party

> certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery….

*Id.* When a pro se litigant fails to comply with Rule 11 by filing a complaint in which no claims are warranted by existing law or any nonfrivolous argument, and the scant factual contentions that are included in the complaint appear to have <u>no</u> evidentiary support, as is evident in this case, a court "may impose an appropriate sanction." Rule 11(c). Specifically, under Rule 11(c)(3) a court may impose sanctions on its own initiative, after directing the party "to show cause why conduct specifically described in the order has not violated Rule 11(b)."[6] Any sanction "must be limited to what suffices to deter repetition of the conduct" and "may include nonmonetary directives [or] an order to pay a penalty into court." Rule 11(c)(4).

Based upon Plaintiff's filing of this frivolous lawsuit, his filing of three similar lawsuits, and recognized history of filing at least twenty prior frivolous cases in the federal courts of New York and the Second Circuit, the undersigned recommends the issuance of an order to "show cause" why pre-filing restrictions should not be imposed under Rule 11 as – at a minimum – a warning to Plaintiff that future violations will not be

---

[6] A court may not impose a monetary sanction prior to issuing a show-cause order. Rule 11(c)(5).

tolerated. Because he does not appear to be a pauper, the Court may also consider the imposition of future monetary sanctions under Rule 11.

IV. **Conclusion and Recommendations**

Accordingly, **IT IS RECOMMENDED THAT**:

(1) Defendant's motion to dismiss (Doc. 4) should be **GRANTED**;

(2) Defendant's motion to transfer venue (Doc. 5) should be **DENIED** as moot; and

(3) the Court should issue an order directing Plaintiff Nehemiah Rolle, Jr. to **show cause** why the filing of the above-captioned complaint does not constitute a violation of Rule 11(b), and why this Court should not impose pre-filing restrictions, including (at a minimum) that no further complaint be accepted for filing in the Southern District of Ohio which has not first been certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted.

*/s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

NEHEMIAH ROLLE, JR.,

    Plaintiff,

v.

LINTON D. LEWIS,

    Defendant.

Case No. 1:19-cv-944

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).